UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSITY MEDICAL CENTER, *et al.*,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:23-cv-00496-LRH-CLB<br><br>**ORDER** |

**I.　　DISCUSSION**

On October 12, 2023, this Court directed Plaintiff Tyrone Noel Nunn, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), to file a complaint and an application to proceed *in forma pauperis* in this matter. (ECF No. 3).

On November 28, 2023, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 5). However, Plaintiff's application to proceed *in forma pauperis* is incomplete. Plaintiff has not submitted a completed financial certificate on this Court's approved form. (*See id.* at 4).

Plaintiff did not submit a complaint but instead filed a motion for appointment of counsel. (ECF No. 4). However, the motion for appointment of counsel appears to ask the Court to grant Plaintiff *in forma pauperis* status. (*Id.* at 3). Plaintiff's motion is 42 pages long and contains documents that do not relate to the motion for counsel. (*Id.* at 1-42).

**A.　　Filing Fee**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee.[1] *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply

---

[1] The filing fee for cases initiated on December 1, 2023, or later, is $405, which includes the $350 statutory filing fee and the $55 administrative fee.

to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. Prac. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. Prac. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

As explained above, Plaintiff's application to proceed *in forma pauperis* is incomplete. The Court will grant Plaintiff an extension of time to either pay the $402 filing fee or file a completed financial certificate on this Court's approved form.

**B.  Complaint**

As explained in this Court's previous order, under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3; *see* ECF No. 3. The Court will *sua sponte* grant Plaintiff one final opportunity to submit a complaint to this Court on or before February 2, 2024.

**C.  Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel but does not explain why he needs counsel. (ECF No. 4). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the

merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

In the instant case, the Court denies the motion for appointment of counsel without prejudice. Plaintiff has not submitted a complaint, settled the matter of the filing fee, and has not set forth any exceptional circumstances warranting the appointment of counsel.

## II.   CONCLUSION

For the foregoing reasons, it is ordered that the Clerk of the Court will send Plaintiff the approved form and instructions for an application to proceed *in forma pauperis* by an inmate and the approved form and instructions for filing a 42 U.S.C. § 1983 complaint for an inmate.

It is further ordered that **on or before February 2, 2024,** Plaintiff will either pay the full $402 filing fee or file a completed financial certificate on this Court's approved form.

It is further ordered that **on or before February 2, 2024**, Plaintiff will submit a complaint to this Court.

It is further ordered that the motion for appointment of counsel (ECF No. 4) is denied without prejudice.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complaint and a complete application to proceed *in forma pauperis* or pay the required filing fee.

DATED:  December 27, 2023

_____
UNITED STATES MAGISTRATE JUDGE