UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>UNIVERSITY MEDICAL CENTER, *et al.*,<br>　　　　　　　　Defendants. | Case No. 3:23-cv-00496-LRH-CLB<br><br>ORDER |

　　　Plaintiff Tyrone Noel Nunn, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), has attempted to initiate a civil action in this Court but has not submitted a proper complaint and has not satisfied the matter of the filing fee. Plaintiff has neither paid the full $402 filing fee for this case nor submitted a fully complete application to proceed *in forma pauperis*.

　　　On October 12, 2023, this Court directed Plaintiff to file a complaint and an application to proceed *in forma pauperis* or pay the full filing fee in this matter. (ECF No. 3). On November 28, 2023, Plaintiff filed an application to proceed *in forma pauperis*, but it was incomplete because he had not submitted a financial certificate on this Court's approved form. (*See* ECF No. 5).

　　　Additionally, instead of filing a complaint, Plaintiff filed a motion for appointment of counsel. (ECF No. 4). However, the motion for appointment of counsel appeared to ask the Court to grant Plaintiff *in forma pauperis* status, was 42 pages long, and contained documents that did not relate to the motion for counsel. (*Id.* at 1-42).

　　　On December 27, 2023, the Court granted Plaintiff an extension of time until February 2, 2024, to submit a complaint and to pay the full $402 filing fee or file a completed financial certificate on this Court's approved form. (ECF No. 6 at 3).

That deadline expired and Plaintiff did not file a completed financial certificate or pay the full $402 filing fee. Additionally, instead of filing a complaint, Plaintiff submitted a motion to dismiss. (ECF No. 7). However, Plaintiff's one-page motion to dismiss seems to ask this Court to permit his claims to proceed in a "court of 3 judges" with all his other cases possibly in state court or with another judge in this court and also requests appointment of counsel. (*Id.*) The Court denies in part and grants in part the motion to dismiss. The Court dismisses this case without prejudice because Plaintiff has not submitted a complaint and has not filed a fully complete application to proceed *in forma pauperis* or paid the full filing fee for a civil action. However, the Court denies the motion to dismiss to the extent that it seeks relief other than dismissal without prejudice.

I.     DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff either files a fully complete application to proceed *in forma pauperis* or pays the $402 filing fee for a civil action and submits a complaint, the only alternative is to enter a third order setting another deadline. But the reality of repeating two ignored orders is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's order. Setting a third deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**II.    CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a fully complete application to proceed *in forma*

*pauperis* or pay the full $402 filing fee and submits a complaint in compliance with this Court's October 12, 2023, and December 27, 2023, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint and satisfy the matter of the filing fee in a new case.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 5) is denied without prejudice as incomplete.

It is further ordered that the motion to dismiss (ECF No. 7) is denied to the extent that it seeks relief other than dismissal without prejudice and granted to the extent that it seeks dismissal without prejudice.

IT IS SO ORDERED.

DATED THIS 16th day of February, 2024.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE